UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSE TIJERO,<br><br>    Plaintiff,<br><br>vs.<br><br>AARON BROTHERS, INC., et al.,<br><br>    Defendants. | Case No: C 10-01089-SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**<br><br>[Docket No. 13] |

The parties are presently before the Court on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5). (Docket No. 13.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b).

This action was initially filed on May 7, 2009 in state court. Plaintiff did not serve the Defendants until February 12, 2010, more than nine months later. On March 15, 2010, Defendants removed this action to this Court solely on diversity grounds. By this motion, Defendants move to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficiency of service process, on the grounds that Plaintiff failed to serve Defendants within 60 days from filing, as Defendants assert is required under California law.

The parties are correct that California law governs here because service of process preceded removal to federal court. See Anderson v. Allstate Ins. Co., 630 F.2d 677, 682 (9th Cir. 1980). California Rule of Court 3.110 ("Rule 3.110") provides "[t]he complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint." Cal. R. Ct. 3.110(b). Rule 3.110 further provides "[i]f a party fails to serve and file pleadings as required under this rule, and

1  has not obtained an order extending time to serve its pleadings, the court <u>may</u> issue an order to
2  show cause why sanctions shall not be imposed." Cal. R. Ct. 3.110(f) (emphasis added) (no
3  extension is at issue here).

4  It should be noted that even though Plaintiff was approximately seven months late under
5  Rule 3.110 in serving his complaint, the court in the state action never issued an order to show
6  cause under Rule 3.110.  Moreover, this Court observes that, despite over a month passing
7  between Plaintiff's service and Defendants' notice of removal, Defendants in that time never
8  moved for an order to show cause or for dismissal in state court action.  This Court further
9  notes that the parties have not set forth any arguments regarding prejudice that may, or may not
10 have, resulted from Plaintiff's delay in service.  Instead, their arguments relate solely to their
11 respective interpretations of Rule 3.110, none of which has merit.  Accordingly,

12 IT IS HEREBY ORDERED THAT:

13 1. Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure
14 12(b)(5) (Docket No. 13) is DENIED.

15 2. The July 21, 2010 hearing date on Defendants' Motion to Dismiss Pursuant to
16 Federal Rule of Civil Procedure 12(b)(5) is VACATED.

17 2. The Case Management Conference currently scheduled for July 21, 2010 at 2:00
18 p.m. is CONTINUED to **October 14, 2010 at 3:00 p.m.**  The parties shall meet and confer
19 prior to the conference and shall prepare a joint Case Management Conference Statement
20 which shall be filed no later than ten (10) days prior to the Case Management Conference that
21 complies with the Standing Order for All Judges of the Northern District of California and the
22 Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as
23 for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559
24 at the above indicated date and time.

25 This order terminates Docket No. 13.

26 ///
27 ///
28 ///

1 | IT IS SO ORDERED.
2 | Dated: July 19, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge