1

2                          UNITED STATES DISTRICT COURT

3                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                  OAKLAND DIVISION

5

6    JOSE TIJERO, AMANDA GODFREY,                    Case No:  C 10-1089 SBA
     individually and on behalf of all others similarly
7    situated,
                                                     **ORDER GRANTING DEFENDANT'S**
8                       Plaintiffs,                  **MOTION TO DISMISS**

9          vs.                                       Dkt. 39

10   AARON BROTHERS, INC.,

11                      Defendant.

12

13         Plaintiffs bring this putative wage and hour representative and class action against

14   Defendant Aaron Brothers, Inc. ("Aaron Brothers" or "Defendant").  The parties are presently

15   before the Court on Defendant's Motion to Dismiss Plaintiffs' First, Second, Third, Fourth,

16   Fifth, Sixth, Eighth, Ninth and Tenth Claims under Federal Rule of Civil Procedure 12(b)(6).

17   Dkt. 39.  Having read and considered the papers filed in connection with this matter and being

18   fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The

19   Court, in its discretion, finds this matter suitable for resolution without oral argument.  See

20   Fed.R.Civ.P. 78(b).

21   I.    **BACKGROUND**

22         According to Plaintiffs' Second Amended Complaint ("SAC"), Plaintiffs are "present

23   and/or former non-exempt hourly employees" of Defendant.  SAC ¶ 3, Dkt. 38.  Defendant is a

24   retailer of arts and crafts goods that operates "in excess of 100 stores in the State of

25   California."  Id. ¶ 4.

26         Plaintiffs bring this action "as a representative class action to recover for unpaid wages,

27   unpaid overtime compensation, unpaid and unlawfully withheld wages, un-reimbursed

28   business-related expenses, meal period violations, rest break violations, liquidated damages,

restitution, as well as other statutory and civil penalties and damages owed to Plaintiffs and all other employees employed by, or formerly employed by [Defendant]."  Id. ¶ 8.  Plaintiffs describe the class as "consisting of all individuals who are or previously were employed by [Defendant] in California, in positions entitled 'customer service representative,' 'framer,' 'CSR' or in any other similarly situated position" during an undefined "Liability Period."  Id.

Plaintiffs' factual allegations are as follows.  Plaintiffs allege that Defendant requires its employees to work in excess of eight hours per day, without compensating its employees at the premium rates of pay required by California law.  Id. ¶ 9.  Plaintiffs further allege that Defendant required its employees to work hours for which it did not compensate them at the minimum rate of pay for all hours worked when those wages were due.  Id. ¶ 10.  Moreover, Plaintiffs assert that Defendant failed to provide appropriate rest and meal periods as required by California law.  Id.  Lastly, Plaintiffs assert that Defendant failed to pay terminated employees all wages owed upon termination from employment.  Id. ¶ 13.

Plaintiffs bring the following claims against Defendant: (1) unpaid wages under the California Labor Code; (2) unpaid overtime wages under the Fair Labor Standards Act ("FLSA"); (3) unpaid overtime wages under the California Labor Code; (4) failure to pay wages for compensable meal break periods in violation of the California Labor Code; (5) failure to pay wages for compensable rest break periods in violation of the California Labor Code; (6) failure to pay minimum wage/"off the clock" work in violation of the California Labor Code; (7) failure to pay compensation at the time of termination in violation of the California Labor Code; (8) failure to furnish itemized wage statements in violation of the California Labor Code; (9) unfair and unlawful business practices under California Business & Professions Code § 17200; and (10) representative action on behalf of all employees for violation of California Labor Code § 2699, Private Attorney General Act ("PAGA").

Now, Defendant moves to dismiss each of Plaintiffs' claims under Rule 12(b)(6), except for Plaintiffs' Seventh Claim.  Plaintiffs oppose Defendant's motion and ask that they be granted leave to amend their SAC should Defendant's motion be granted.  Pls.' Opp. at 10, Dkt. 43.

## II.    LEGAL STANDARD

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a Rule 12(b)(6) motion, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A complaint that raises only "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.    ANALYSIS

### A.    FIRST CLAIM FOR UNPAID WAGES

Defendant argues that Plaintiffs' First Claim for unpaid wages should be dismissed because Plaintiffs fail to allege any facts supporting this claim.  In their SAC, Plaintiffs allege the following in connection with this claim:

> Aaron Brothers failed to pay Plaintiffs, and other similarly situated class members, all their wages due.  Additionally, Aaron Brothers failed to provide Plaintiffs with accurate time records and earnings statements as required by Labor Code section 226 … Aaron Brothers has a policy and practice of not recording all time worked by its hourly employees.  Aaron Brothers' policy and practice systematically reduced the daily time recorded by its hourly employees … Aaron Brothers paid Plaintiffs based upon the recorded time which systematically reduced the actual time worked, resulting in a failure to pay wages for time worked.

SAC ¶¶ 43-45.

However, Plaintiffs have failed to plead sufficient "factual content" to allow the Court to make a reasonable inference that Defendant is liable for the claims alleged by Plaintiffs.  See Iqbal, 129 S.Ct. at 1940 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[ n]' – 'that the pleader is entitled to relief'").  These bare allegations fail to state when or how Defendant failed to pay the required wages.  See e.g., Anderson v. Blockbuster Inc., 2010 WL 1797249, *3 (E. D. Cal. 2010) (granting motion to dismiss an unpaid wage claim where "Plaintiff asserts nothing more than that 'Defendants willfully failed to pay Plaintiff and class members all wages due to them, within any time period permissible by [California law].'").  Nor does the SAC provide facts regarding Defendant's alleged policy or practice of reducing employees' time recorded, such as what means Defendant used to implement this policy or practice.  See e.g., Villegas v. J.P. Morgan Chase & Co., 2009 WL 605833, *1 (N.D. Cal. 2009) (Armstrong, J.) (granting motion to dismiss plaintiff's record-keeping claim because it "merely recite[d] the elements of Labor Code § 226(a) by generally alleging that 'Defendants failed to keep accurate records of Plaintiff's and the class members rates of pay, rates of overtime pay, net wages earned, daily or weekly overtime pay, commissions earned and/or vacation earned.'").  Without more, such legal conclusions do not suffice.  Moreover, Plaintiffs have provided no meaningful response to Defendant's motion as to this claim in their opposition, other than to generally assert that their allegations comply with Federal Rule of Civil Procedure 8(a).  See Pls.' Opp. at 7.

Therefore, Defendant's motion to dismiss Plaintiffs' First Claim for unpaid wages is GRANTED.

### B.   SECOND AND THIRD CLAIMS FOR OVERTIME VIOLATIONS

In their Second and Third Claims, Plaintiffs allege that Defendant failed to pay overtime wages, in violation of the FLSA and the California Labor Code, respectively.   However, the SAC fails to allege any facts regarding alleged overtime violations.  Regarding the alleged FLSA violation, the SAC summarily states: "During the Liability Period, Plaintiffs and all

similarly situated Employees were regularly required to work in excess of forty (40) hours per week, but were not paid for such overtime work."  SAC ¶ 49.  The SAC's allegations regarding California overtime violations are similarly bare: "During the Liability Period, Plaintiffs were regularly required to work in excess of forty (40) hours per week and/or eight (8) hours per day, but were not paid for such premium pay as required by California law."  Id. ¶ 55.  Both claims also state that "Aaron Brothers have made it difficult to account for the unpaid overtime wages earned by Plaintiffs during the applicable Liability Period because they did not make, keep, and preserve the correct hours worked by such employees …."  Id. ¶¶ 51, 58.  These allegations are nearly identical to those dismissed by the court in Anderson, where the plaintiff's overtime claim alleged that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week … [and] Defendants willfully failed to pay all overtime.'"  Anderson, 2010 WL 1797249 at *2 (finding plaintiff's allegations to be "conclusory" and devoid of "factual content"); see also Villegas, 2009 WL 605833, *4 (finding plaintiff's allegations that "she did not receive properly computed overtime" did not state a claim "because it is not much more information than an allegation that she was not paid for overtime work in general").  Similarly here, other than a general assertion that Plaintiffs "were not paid" for overtime work, Plaintiffs have failed to allege any facts to support their overtime claims.  In their opposition, Plaintiffs again fail to provide a meaningful response in support of these claims.

For these reasons, Defendant's Motion to Dismiss Plaintiffs' Second and Third Claims for overtime violations is GRANTED.

**C.    FOURTH CLAIM FOR MEAL BREAK VIOLATIONS AND FIFTH CLAIM FOR REST BREAK VIOLATIONS**

California employers are required to provide a meal break for each work shift exceeding five hours and to authorize and permit a rest break for each work shift that is at least three and one-half hours.  See Cal. Lab. Code § 512(a) ("[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes …."); 8 Cal. Code Regs. § 11070(12)(A) ("Every employer

1  shall authorize and permit all employees to take rest periods … [t]he authorized rest period

2  time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time

3  per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for

4  employees whose total daily work time is less than three and one-half (3 1/2) hours.").

5      Here, in support of their Fourth Claim for meal break violations, Plaintiffs make only

6  boilerplate allegations that recite the statutory language of Section 512(a):  "Aaron Brothers

7  failed to provide Plaintiffs and all other meal period class members with uninterrupted meal

8  periods of not less than thirty (30) minutes … and failed to pay Plaintiffs and meal period class

9  members for those meal periods not provided," and "Plaintiffs regularly worked in excess of

10  five (5) hours per day without being afforded a proper meal break of at least 30-minutes in

11  duration."  SAC ¶¶ 63-64.  Likewise, Plaintiffs' rest break allegations simply restate the

12  statutory language: "Aaron Brothers failed to provide Plaintiffs and all other rest period class

13  members uninterrupted rest periods of not less than ten (10) minutes when and as required, in

14  violation of California law …."  Id. ¶ 69.

15      In their opposition, Plaintiffs simply repeat the allegations set forth in their SAC and

16  assert that these allegations are sufficient under Rule 8(a).  However, "[i]t is not enough to

17  simply parrot the statutory language for each purported claim."  Anderson, 2010 WL 1797249,

18  at *3; see also Twombly, 550 U.S. at 555 (to survive a motion to dismiss, "a formulaic

19  recitation of the elements of a cause of action will not do").  In this case, Plaintiffs fail to

20  provide in their SAC factual allegations stated with any specificity to support their meal break

21  and rest break claims.

22      In short, the SAC fails to include any facts to support a plausible claim that Defendant

23  failed to provide Plaintiffs with meal and rest breaks.  Therefore, Defendant's Motion to

24  Dismiss Plaintiffs' Fourth and Fifth Claims is GRANTED.

25  **D.    SIXTH CLAIM FOR FAILURE TO PAY MINIMUM WAGE AND OFF THE CLOCK**

26  **WORK**

27      Plaintiffs' Sixth claim for minimum wage and off-the-clock violations is based on the

28  following allegations:

> Aaron Brothers had, and continue to have, a policy and practice of failing to compensate Plaintiffs, for all hours worked, and were paid at wage rates that were less than the California minimum wage … Plaintiffs' time spent performing mandatory duties were not recorded and not inclusive of the rate paid and constitutes time worked "off-the-clock" for which Plaintiffs, received no compensation  … Additionally, Aaron Brothers failed to provide Plaintiffs, with accurate time records and earnings statements.

SAC ¶¶ 73-74.

Just like Plaintiffs' First Claim for unpaid wages, the Sixth Claim "fails to state when or how Defendant failed to pay the required wages."  See Anderson, 2010 WL 1797249, at *3. For instance, Plaintiffs fail to state facts regarding the alleged "mandatory duties" for which Plaintiffs worked "off-the clock" and received no compensation.  Nor do Plaintiffs provide any facts regarding Defendant's alleged policy or practice of failing to compensate Plaintiffs for all hours worked.  Again, Plaintiffs' allegations amount to nothing more than legal conclusions. Therefore, Defendant's Motion to Dismiss Plaintiffs' Sixth Claim is GRANTED.

### E.      EIGHTH CLAIM FOR INACCURATE WAGE STATEMENTS

In their Eighth Claim, Plaintiffs allege that Defendant "failed to provide Plaintiffs with accurate time record and earnings statements as required by Labor Code section 226, subdivision (a)," and that Defendant "had, and continue[s] to have, a policy and practice of knowingly and intentionally failing to furnish Plaintiffs, at the time of each payment of wages, an itemized statement in writing showing all of the information required by Labor Code section 226, subdivision (a), including, but not limited to, the total hours actually worked."  SAC ¶¶ 85-86.  Moreover, Plaintiffs aver that they have "suffered injury" and are therefore entitled to statutory penalties under Labor Code § 226(e), which provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover [penalties]."  SAC ¶ 87.

To the extent that this claim is merely derivative of Plaintiffs' claims seeking overtime, unpaid wages, and meal and rest break penalties, Plaintiffs' Eighth Claim is deficient for the same reasons as the underlying claims.  Additionally, this claim fails for the independent reason that it, too, fails to meet the minimum pleading requirements, as it merely recites the

1   elements of Section 226(a).  In particular, Plaintiffs fail to allege any facts regarding how

2   Defendant's failure was knowing and intentional, as required by Section 226(e).  Nor have

3   Plaintiffs alleged facts regarding the alleged injury they suffered as a result of Defendant's

4   failure.  As such, Defendant's Motion to Dismiss Plaintiffs' Eighth Claim is GRANTED.

5           F.      NINTH CLAIM UNDER CAL. BUS. & PROF. CODE § 17200

6           Plaintiffs' Ninth Claim alleges that Defendant violated California's Unfair Competition

7   Law ("UCL"), California Business & Professions Code § 17200, and is entirely dependent on

8   Defendant's alleged violations of the FLSA and California labor laws.  SAC ¶¶ 89-96.  The

9   UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof.

10  Code § 17200.  It incorporates other laws and treats violations of those laws as unlawful

11  business practices independently actionable under state law.  Chabner v. United Omaha Life

12  Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  The Court's analysis regarding the viability of

13  Plaintiffs' underlying claims is set forth above in the sections discussing Plaintiffs' First

14  through Sixth and Eighth Claims.  As such, Plaintiffs' UCL claim is DISMISSED insofar as it

15  relies on these claims, which the Court finds insufficiently pled.

16          G.      TENTH CLAIM UNDER PAGA

17          Plaintiffs' Tenth Claim is brought under PAGA.  PAGA enables a plaintiff to recover

18  the civil penalty that the Labor and Workforce Development Agency would otherwise assess

19  and collect for violations of the Labor Code.  See Cal. Lab. Code § 2699.  As discussed above,

20  Plaintiffs have not sufficiently pled their First through Sixth and Eighth Claims.  Accordingly,

21  their PAGA claim is DISMISSED to the extent that it is based these claims.  See Sullivan v.

22  Kelly Serv., Inc., 2008 WL 4891051, at *5 (N. D. Cal. 2008) (granting summary judgment on

23  Section 2699 claim where underlying Labor Code claims failed).

24  IV.    **CONCLUSION**

25          For the reasons stated above,

26          IT IS HEREBY ORDERED THAT:

27          1.      Defendant's Motion to Dismiss Plaintiffs' First, Second, Third, Fourth, Fifth,

28  Sixth, and Eighth Claims is GRANTED; these claims are dismissed with leave to amend.

1        2.      Defendant's Motion to Dismiss Plaintiffs' Ninth and Tenth Claims is

2    GRANTED to the extent these claims are based on claims that the Court has deemed

3    insufficiently pled; these claims are dismissed with leave to amend.

4        3.      Plaintiffs shall have twenty-one (21) days from the date this Order is filed to file

5    a third amended complaint.  If Plaintiffs timely amend their pleading, Defendant shall respond

6    consistent with the Federal Rules of Civil Procedure.

7        4.      This Order terminates Docket 39.

8        IT IS SO ORDERED.

9    Dated: March 31, 2011

10                                                   SAUNDRA BROWN ARMSTRONG

                                              United States District Judge