1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| JOSE TIJERO, AMANDA GODFREY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AARON BROTHERS, INC.,<br><br>Defendant. | CASE NO. 4:10-cv-01089-SBA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Date: May 27, 2014<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra Brown Armstrong |
|---|---|

The Motion Application for an Order Granting Final Approval of Class Action Settlement came before this court on May 27, 2014.  The above-captioned action is a class action lawsuit brought by Plaintiffs Jose Tijero and Amanda Godfrey (hereinafter "Plaintiffs") against Aaron Brothers, Inc. (hereinafter "Defendant") (collectively the "Parties").  Plaintiffs allege that, inter alia, Defendant violated the Fair Labor Standards Act, the California Labor Code, other applicable California wage and hour orders and laws, and the California Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq.  Named Plaintiffs also sought penalties under California's Private Attorneys General Act, Labor Code § 2699 *et seq.*, for these alleged violations.  Defendant denies any and all alleged wrongdoing, and denies any liability to the Plaintiffs or to members of the putative class. Defendant contends that it complied with the applicable California Labor Laws at all times.

On December 19, 2013, this Court entered an Order Granting Preliminary Approval of the Class Action Settlement, resulting in certification of the following provisional Settlement Class:

> "All Persons employed by Defendant as non-exempt, hourly employees within the State of California between May 7, 2005 and December 19, 2013 (the date of the entry of the Court's Order Granting Preliminary Approval to this settlement)".

That Order further directed the Parties to provide Notice to the class, which informed absent class members of: (a) the proposed Settlement, and the Settlement's key terms; (b) the date, time and location of the Final Approval Hearing; (c) the right of any Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; (d) the right of any Class Member to exclude themselves from the proposed Settlement, and an explanation of the procedures to exercise that right; and (e) an explanation of the procedures for class members to participate in the proposed Settlement.

The Court, upon Notice having been given as required in the December 19, 2013 Preliminary Approval Order, and having considered the proposed Stipulation of Settlement in this matter as well as all papers filed, hereby ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

1. The Court has subject matter jurisdiction over this action.
2. Except as otherwise specified herein, the Court, for purposes of this Final Approval Order, adopts all the defined terms as set forth in the Stipulation of Settlement.
3. The Court finds that the Settlement Class is properly certified as a class for settlement purposes only.
4. The Notice provided to the Settlement Class complies with the requirements of Federal Rules of Civil Procedure Rule 23, the United States Constitution, and any other applicable law. The Notice constitutes the best notice practicable under the circumstances by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to Class Members. Specifically, pursuant to the Preliminary Approval Order, a Notice of Class

Action Settlement was mailed to each Class Member. The Settlement Administrator took reasonable steps to provide the Notice to Class Members if, and when, it learned that the address to which those documents were mailed were no longer accurate. The Notice informed Class Members of the terms of the Settlement Agreement, their right to receive a share of the settlement proceeds and the procedures to obtain their share, their right to object to the Settlement Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement Agreement. The Notice was provided with ample time for Class Members to follow these procedures.

5. The Court finds that the Notice procedure afforded adequate protection to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the response of the Class Members. The Notice was accomplished in all material respects in the manner prescribed by the Stipulation of Settlement. The Court finds that the Notice was the best notice practicable, and that the Notice satisfied all legal requirements, including due process requirements.

6. For the reasons stated in the Preliminary Approval Order, this Court finds that the Settlement Class as defined in the Preliminary Approval Order meets all of the legal requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3), and it is hereby ordered that certification of the Settlement Class is finally approved.

7. No Class Member timely objected to the terms of the Stipulation of Settlement.[1]

8. Eight Class Members: Dorothy Elizabeth Cadzow, Ariana Marie Preston, Trenton Lee Vendetti, Matthew Walker, Konnie Kim, Christopher John Burdett, Sylvania E. Matassa, and Jessica Leigh Davis, have timely requested exclusion from the Settlement, and have thus been excluded and are not bound by the Judgment in this Action.

---

[1] As set forth on the record at the May 27, 2014 Final Approval Hearing, the objection to the Settlement Agreement filed on May 22, 2014 is untimely, and therefore not properly before the Court. Further, as noted by the Court at the Final Approval Hearing, the objection is without merit. Accordingly, the late-filed objection to the Settlement Agreement is OVERRULED.

9. The Court confirms the appointment of Plaintiffs Jose Tijero and Amanda Godfrey as the Class Representatives.

10. The Court confirms the appointment of the Law Offices of Badame & Associates, APC and the Law Offices of Daniel Feder as Class Counsel.

11. The Court finds that the Stipulation of Settlement is rationally related to the strengths of Plaintiff's claims given the risk, expense, complexity, uncertainty and duration of further litigation. The Court also finds that the Stipulation of Settlement is the result of arms' length negotiations between experienced counsel representing the interests of the Class and Defendant, after thorough factual and legal investigation. The Court further finds that the Stipulation of Settlement is not the product of fraud or overreaching by, or collusion between, the negotiating parties. The Court also finds that the response of the Class to the Stipulation of Settlement supports final approval. Accordingly, pursuant to Federal Rules of Civil Procedure Rule 23(e), the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class Member.

12. The Court grants final approval of the Stipulation of Settlement, and orders the parties to implement, and comply with, its terms. Upon entry of this Order, compensation to the participating members of the Settlement Class shall be effected pursuant to the terms of the Stipulation of Settlement.

13. Nothing in this Final Approval Order will preclude any action to enforce the parties' obligations under the Stipulation of Settlement or under this Order.

14. Pursuant to the Stipulation of Settlement, the Court awards the Settlement Administrator, Rust Consulting, Inc., its fees and expenses in connection with the administration of this settlement in the amount of $91,804.00 to be paid from the Settlement Fund.

15. Upon the Effective Date, the Plaintiffs and all members of the Settlement Class, except the excluded individuals referenced in paragraph 8 of this Order, shall have, by operation of this Order and the accompanying Judgment, fully, finally, and forever released, relinquished, and discharged Defendants from all claims as defined by the terms of the Settlement, whether or not such Settlement Class members execute and deliver a Claim Form. Upon the Effective Date, all members of the Settlement Class shall be and are hereby permanently barred and

enjoined from the institution or prosecution of any and all of the claims released under the terms of the Settlement.

16. Upon completion of administration of the Settlement, the Parties shall file a declaration stating that claims have been paid and that the terms of the Settlement have been completed.

17. By means of this Final Approval Order, the Court hereby enters final judgment in this action, and the matter shall be dismissed in its entirety, with prejudice. Each side shall bear its own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and the Court's orders. This "Judgment" is intended to be a final disposition of the above-captioned action in its entirety, and is intended to be immediately appealable.

18. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the Settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the Settlement and determination of all controversies relating thereto.

**IT IS SO ORDERED.**

Dated: MAY ____28____, 2014

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge